## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **STATE OF NEW JERSEY,** | : | **Civil Action No. 22-6533 (MCA) (MAH)** |
| **Plaintiff,** | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| **MICHAEL GILES,** | : | |
| **Defendant.** | : | |

**HON. MICHAEL A. HAMMER, U.S.M.J.**

This matter comes before the Court upon Defendant's purported removal of the instant

action to federal court, this Court's *sua sponte* consideration of whether there is subject matter

jurisdiction over this action, and an Order to Show Cause the Undersigned issued on March 15,

2023.  D.E.s 1, 5.  Defendant Michael Giles ("Giles") has not responded to the Order to Show

Cause.   For the reasons discussed below, the Undersigned respectfully recommends that the

District Court deny Giles's removal of this matter, and to the extent that this action was indeed

removed, it be remanded to the New Jersey Superior Court, Middlesex County, Law Division,

Criminal Part.[1]

### I.    BACKGROUND

On November 7, 2022, Giles filed a Notice of Removal, purportedly removing to this

---

[1] A decision to remand is dispositive.  *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998)
("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of
subject matter jurisdiction where a parallel proceeding is pending in the state court.").
Accordingly, this Court addresses whether to remand this matter via Report and
Recommendation.

Court an eight-count criminal indictment filed by the State of New Jersey, Middlesex County,

Law Division, Criminal Part, against him.   D.E. 1.   The criminal action against him arises from

a June 1, 2022 motor vehicle stop during which he was found to be in possession of controlled

dangerous substances.   D.E.s 1-1, 1-2.   Giles' removal to federal court was predicated on the

basis of diversity of nationality and citizenship, as well as federal question jurisdiction.   He

contends, *inter alia*, that this matter is governed by 42 U.S.C. § 1983.   On March 15, 2023, this

Court issued an Order to Show Cause to Defendant Giles directing him to show cause in writing

why this matter should not be remanded to state court for lack of subject matter jurisdiction.

D.E. 5.   As of the date of this Report and Recommendation, Giles has failed to respond to the

Order to Show Cause.[2]

## II.   DISCUSSION

Criminal prosecutions initiated in state court may be removed to federal court only in

limited circumstances.   Having carefully reviewed Giles's filing, this Court concludes that 28

U.S.C. § 1443(1) is the only removal statute that might be applicable in this case.[3]   A state court

criminal prosecution may be removed to federal court pursuant to 28 U.S.C. § 1443(1), in

accordance with the following:

> (1) Against any person who is denied or cannot enforce in
> the courts of such State a right under any law providing for

---

[2]  Giles, who filed a Notice to Receive Documents Electronically on November 7, 2022, received
a copy of the Order to Show Cause via email on March 15, 2023.   *See* D.E. 2, 5.

[3]  Criminal prosecutions against a federal officer or a member of the armed forces are removable
on the basis of 28 U.S.C. § 1442 and § 1442a, respectively.   *See* 28 U.S.C. §§ 1442, 1442a.
Similarly, section 1443(2) also applies only to federal officers or agents and those authorized to
act with or for them.   *New Jersey v. Willis*, No. 10-5242, 2011 WL 1134457, at *2 (D.N.J.
March 24, 2011).   As Giles does not assert that he is either a federal officer, an agent of a
federal officer, or a member of the armed forces, none of these removal statutes apply here.

> the equal civil rights of citizens of the United States, or of all
> persons within the jurisdiction thereof. . . .

*Id.*   "Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal under Section 1443(a)."   *Willis*, 2011 WL 1134457, at *2.   A defendant seeking to remove his criminal prosecution under § 1443(1) must: "(a) allege a denial of his rights on account of race; and (b) detail the facts showing that he cannot enforce his federal rights in state court."   *Mahan v. New Jersey*, No. 14-5038, 2014 WL 4054029, at *1 (D.N.J. Aug. 15, 2014) (citing *Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010)).   Liberally construing Giles's Notice of Removal, this Court finds that Giles fails to allege either a denial of his rights on the basis of race or facts demonstrating that he cannot enforce his federal rights in state court.   Instead, he only makes passing reference to a deprivation of his rights pursuant to 42 U.S.C. § 1983.   Accordingly, removal of the instant action to federal court is improper.

### III.   CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court deny Giles's removal of this matter, and to the extent that this action was indeed removed, it be remanded to the New Jersey Superior Court, Middlesex County, Law Division, Criminal Part.   The parties have fourteen days to file and serve any objections to this Report and Recommendation.   28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*/s Michael A. Hammer*     
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

**Dated**: April 12, 2023